**WO**

**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Dasarathi Raghunath, | ) | No. CV-07-0282-PHX-FJM |
| Petitioner, | ) ) | **ORDER** |
| vs. | ) ) | |
| Phillip Crawford, | ) ) ) | |
| Respondent. | ) ) ) | |
| | ) | |

The court has before it petitioner's petition for writ of habeas corpus (doc. 1), the government's response (doc. 8), petitioner's reply (doc. 13), the report and recommendation (doc. 14), petitioner's objections (doc. 17), and the government's response to petitioner's objections (doc. 20).  For the reasons below, the petition is denied.

**I**

A native and citizen of India, petitioner came to the United States and received lawful permanent resident status in 1984.  In March 2005, he traveled to India and sought to be readmitted to the United States on December 25, 2005.  At customs, a background check revealed that petitioner, while living in California in 1992, had been convicted of annoying and molesting a child and indecent exposure.  The Bureau of Immigration and Customs Enforcement ("ICE") paroled petitioner into the country and ordered that he appear for deferred inspection.  On January 25, 2006, ICE revoked petitioner's parole and determined

1  that he was inadmissible and subject to removal under 8 U.S.C. § 1182 as an alien who had

2  been convicted of a crime of moral turpitude.  ICE detained petitioner and referred his case

3  to an immigration judge.  Petitioner is still in custody.

4          On May 23, 2006, an immigration judge denied petitioner's request for a waiver of

5  inadmissibility and ordered him removed from the United States.  Petitioner appealed,

6  contending that his convictions were not crimes of moral turpitude.  On August 30, 2006, the

7  Board of Immigration Appeals affirmed the immigration judge's decision.  On October 23,

8  2006, petitioner filed a motion for reconsideration of his appeal, which the Board denied as

9  untimely on December 12, 2006.  After petitioner challenged that decision, the Board

10  undertook the original motion and concluded that its affirmance was without reversible error,

11  denying the motion for reconsideration on April 30, 2007.

12          On September 18, 2006, petitioner filed a petition for review and a motion for stay of

13  removal in the United States Court of Appeals for the Ninth Circuit.  The court entered a

14  temporary stay pending further order.  Petitioner requested a hearing to determine whether

15  he could be released on bond, and that request was denied by an immigration judge on

16  September 20, 2006.  Petitioner filed his petition for writ of habeas corpus in this court on

17  February 8, 2007.  On February 22,  2007, the Ninth Circuit denied petitioner's motion for

18  stay of removal and, on May 7, 2007, dismissed the petition for review for failure to pay the

19  filing fee.  Given the Board's April 30 denial of his motion to reconsider, petitioner was able

20  to file again for a stay of removal and a petition for review with the Ninth Circuit on May 14,

21  2007.  Another temporary stay was entered pending further order.  On October 14, 2007, the

22  Ninth Circuit denied the government's motion to dismiss for lack of jurisdiction and granted

23  petitioner's motions to proceed in forma pauperis and for appointment of pro bono counsel.

24  Thus, petitioner currently has a petition for review pending before the Ninth Circuit.

25                                                    II

26          In its initial response to the petition, the government contends that petitioner is

27  detained pursuant to 8 U.S.C. § 1231(a)(2), which governs detention during the "removal

28  period" that follows an order of removal.  However, when an alien seeks judicial review of

an order of removal and a court orders a stay, the removal period does not begin until the date of that court's final order. 8 U.S.C. § 1231(a)(1)(B)(ii). When petitioner filed this petition for writ of habeas corpus, he had a petition for review pending before the Ninth Circuit, and a stay was in effect. Though that petition was ultimately dismissed and the stay lifted, a second petition for review is currently pending, and another stay is in effect. Thus, petitioner was not in the removal period at the time of filing this petition, nor is he currently. Thus, Khoutesouvan v. Morones, 386 F.3d 1298, 1301 (9th Cir. 2004), holding that there is no constitutional basis to challenge detention during the first 90 days of the removal period, and Zadvydas v. Davis, 533 U.S. 678, 701, 121 S. Ct. 2491, 2505 (2001), holding that an alien challenging detention during an extended removal period must demonstrate that removal in the foreseeable future is not likely, are not applicable.[1]

Petitioner, meanwhile, contends that his detention is governed by 8 U.S.C. § 1226(c)(1), which provides:

> The Attorney General *shall* take into custody any alien who—(A) is inadmissible by having committed any offense covered in section 1182(a)(2) of this title, . . . when the alien is released . . . without regard to whether the alien may be arrested or imprisoned again for the same offense.

8 U.S.C. § 1226(c)(1) (emphasis added). The "shall" means that detention under this provision is mandatory, and detainees do not have the possibility of release on bond. However, petitioner relies on Tijani v. Willis, 430 F.3d 1241 (9th Cir. 2005), in which the court held that § 1226(c) permits detention without the possibility of release on bond only for the *expeditious* processing of criminal aliens for removal. Id. at 1242.

---

[1] For that same reason we reject the government's contention that, given Khoutesouvan, this court "lacks jurisdiction" to review petitioner's detention. Response at 4; see also Response to Petitioner's Objections at 2 (repeating that this court "lacks jurisdiction" and incorporating by reference its earlier memorandum). In Khoutesouvan, the Ninth Circuit specifically noted that jurisdiction was proper and affirmed denial of the petition on the merits. 386 F.3d 1299 n.2, 1301.

1

**III**

2        First, we address whether <u>Tijani</u> applies to an inadmissible arriving alien such as

3   petitioner.   In a pair of cases, the United States Supreme Court examined mandatory

4   detention  of  aliens  without  bond  pursuant  to  8  U.S.C.  § 1231(a)(2),  which  applies  to

5   removable aliens whose order of removal is not under review.   The Court held that detention

6   during this "removal period" is implicitly authorized for a limited time only.   <u>Zadvydas v.</u>

7   <u>Davis</u>, 533 U.S. 678, 699, 121 S. Ct. 2491, 2503 (2001);  <u>Clark v. Martinez</u>, 543 U.S. 371,

8   378, 125 S. Ct. 716, 722 (2005).   In <u>Zadvydas</u>, an alien was found removable, but no other

9   country would accept him.   533 U.S. at 678, 121 S. Ct. at 2492.   The Court refused to read

10   § 1231(a)(6) as permitting detention of indefinite duration.   <u>Id.</u> at 691, 121 S. Ct. at 2499.

11        While Zadvydas was a deportable alien, the limited duration of detention under

12   § 1231(a)(6) was extended to inadmissible aliens in <u>Martinez</u> on the grounds that the statute

13   should not be interpreted differently depending on the class to which it is applied.   534 U.S.

14   at 380, 125 S. Ct. at 724.

15        Between these two cases, the Supreme Court heard a challenge to mandatory, no-bond

16   detention under § 1226(c).   In <u>Demore v. Kim</u>, the Court found that detention pursuant to

17   § 1226(c), pending removal proceedings, did not raise constitutional difficulties.   538 U.S.

18   510, 531, 123 S. Ct. 1708, 1721 (2003).   The Court reasoned that detention under § 1226(c),

19   unlike the detentions considered in <u>Zadvydas</u> and <u>Martinez</u>, necessarily has a termination

20   point. <u>Id.</u> at 529, 123 S. Ct. at 1720.   Nonetheless, in <u>Tijani</u>, the Ninth Circuit concluded that

21   detention under § 1226(c) can become impermissibly lengthy.   430 F.3d at 1242.   The court

22   distinguished <u>Kim</u> on the grounds that Tijani, unlike the petitioner in <u>Kim</u>, did not concede

23   that he was removable.  <u>Id.</u>

24        Tijani, a lawfully admitted permanent resident alien, had been in custody two years

25   and eight months awaiting a final determination whether he would be removed because of

26   criminal convictions.  <u>Id.</u>  Concluding that Tijani's removal process was not "expeditious,"

27   the court instructed the district court to grant his writ of habeas corpus unless Tijani

28   summarily received a hearing "before an Immigration Judge with the power to grant him bail

- 4 -

1    unless the government establishes that he is a flight risk or will be a danger to the

2    community." Id. Petitioner contends that he is entitled to similar relief.

3         The government contends that petitioner is an "arriving alien" and that "[t]his is a

4    major distinction from the Tijani case, whose doctrine is limited to lawful permanent

5    residents who contest removal." Response to Petitioner's Objections at 5. Though the Ninth

6    Circuit referenced Tijani's lawful permanent resident status, 430 F.3d at 1242, Tijani's

7    holding is not necessarily limited to similarly situated aliens. Section 1226(c) applies to both

8    inadmissible and deportable aliens. The Supreme Court's rationale in Martinez, where the

9    limitation on detention under § 1231 was extended to inadmissible aliens, suggests that any

10   limitation on detention under § 1226 should apply to both deportable and inadmissible aliens.

11   Furthermore, we are not convinced that petitioner's status as an "arriving alien" makes any

12   difference in applying § 1226(c), which does not use the term. Finally, the government

13   contends that "arriving aliens do not have a constitutional right to a bond determination."

14   Response to Petitioner's Objections at 5. We need not reach that constitutional issue,

15   because even if Tijani applies, petitioner is not entitled to relief.

16                                              **IV**

17        In the report and recommendation, the magistrate judge distinguished Tijani and

18   recommended denying the petition for writ of habeas corpus. While we employ a different

19   approach, we reach the same result. We conclude that Tijani does not help petitioner because

20   his removal proceedings were in fact "expeditious." See 430 F.3d at 1242.

21        First of all, we do not consider judicial appeal time in evaluating the expediency of

22   petitioner's removal proceedings. See Mboussi-Ona v. Crawford, CV 06-2897-PHX-NVW,

23   2007 WL 3026946, a *5 (D. Ariz. Sept. 27, 2007) ("[Taking such time into account] would

24   mean that by merely seeking judicial review, every alien found removable would be entitled

25   to an individualized bond hearing and possible release."). When petitioner most recently

26   petitioned the Ninth Circuit for review on May 7, 2007, he had been in custody for a total of

27   fifteen months and twelve days. Petitioner contends that his proceedings were not

28   expeditious. We disagree.

1    When the Supreme Court approved no-bond detention under § 1226(c) in <u>Kim</u>, the

2    Court noted that initial removal proceedings are completed in an average time of 47 days,

3    and appeals to the Board of Immigration Appeals generally add four months.  538 U.S. at

4    529, 123 S. Ct. at 1721.  Here, petitioner's initial removal proceeding lasted 118 days

5    (January to May 2006), and the appeal (dismissed August 30, 2006) added 99 days, for a total

6    of just over seven months.  This is an acceptable duration given the averages recognized in

7    <u>Kim</u>.  However, petitioner contends that his administrative process did not end with the

8    dismissal of his appeal on August 30, 2006, but continued until April 30, 2007, when the

9    Board denied his motion to reconsider the appeal, stretching the administrative proceedings

10   to over fifteen months.  Nonetheless, we cannot conclude that petitioner's process was not

11   expeditious given his own role in the unusual course of his attempts at appeal.

12   After the Board dismissed his appeal, petitioner petitioned for review in the Ninth

13   Circuit and also filed, one month past the deadline, a motion to reconsider with the Board.

14   The Board denied the motion as untimely on December 12, 2006.  Petitioner then urged the

15   Board to reconsider that decision.  Despite its earlier dismissal for untimeliness, the Board

16   nonetheless revisited the merits of petitioner's appeal and denied the motion to reconsider

17   on April 30, 2007.  Any delay by the Board in rendering that decision did not extend

18   petitioner's detention, because during that time he also had a petition for review pending in

19   the Ninth Circuit.  In fact, the timing of the Board's decision helped petitioner.  The Ninth

20   Circuit dismissed his first petition for failure to prosecute on May 7, 2007.  It appears that

21   the Board's decision of April 30, 2007, may have created a new opportunity for judicial

22   review, giving petitioner a second crack at the Ninth Circuit, where another petition is now

23   pending.

24   As is his right, petitioner has availed himself of every opportunity to challenge the

25   government's conclusion that he is inadmissible.  We conclude that the government has kept

26   reasonable pace in administering his proceedings and in responding to his objections.

27   Therefore, petitioner has demonstrated no basis for relief from his mandatory detention

28   without bond.

1

**V**

2          For the foregoing reasons, **IT IS ORDERED DENYING** petitioner's petition for

3    writ of habeas corpus (doc. 1).

4          DATED this 3rd day of December, 2007.

5

6

7    _____
                    Frederick J. Martone
8                United States District Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28